FILED

03 MAR 27 PM 2:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNEDY KING,                          )
                                       )
            Petitioner,                )
                                       )
vs.                                    )   Case No. CV-99-AR-1140-S
                                       )
BILLY MITCHEM, Warden, and the         )
ATTORNEY GENERAL OF THE STATE          )   ENTERED
OF ALABAMA,                            )
                                       )   MAR 27 2003
            Respondents.               )

MEMORANDUM OPINION

By Order entered August 8, 2001, the court adopted the Report and Recommendation of the

magistrate judge, concluding that the defendant had been denied the effective assistance of counsel

when his court-appointed appellate attorney failed to file a timely motion for new trial asserting the

recantation of the victim as a basis for a new trial. In doing so, the court granted the writ of *habeas*

*corpus* conditionally, directing that the writ would be moot if, within sixty (60) days after its

issuance, the Alabama state courts allowed the petitioner to file and have heard on the merits a

motion for new trial asserting this ground for relief. On November 27, 2002, petitioner filed a

motion for an order directing his immediate release from prison, in which he contended that the state

courts had failed to comply with the condition set in this court's conditional grant of the writ. The

parties have now briefed that motion, and it appears the petitioner is entitled to further *habeas* relief.

Following the entry of the conditional writ of *habeas corpus*, the Alabama state trial court

undertook to comply with the condition, appointing an attorney to represent petitioner and allowing

51

him to file an out-of-time motion for new trial, raising the ground of the victim's recantation.  An

evidentiary hearing was conducted by the Jefferson County Circuit Court on October 11, 2001, at

which the victim, Victoria Davis, testified.  The trial court denied the motion for new trial the next

day, October 12, 2001.  Petitioner appealed the denial of the motion for new trial to the Alabama

Court of Criminal Appeals.  That court dismissed the appeal, concluding that, notwithstanding the

conditional writ of *habeas corpus* entered by this court, the Jefferson County Circuit Court had no

jurisdiction to hear and consider the out-of-time motion for new trial.  In an order dated December 7,

2001, the appellate court explained:

> This Court notes that in Alabama, trial courts have no authority to grant a motion for
> new trial that is filed after the expiration of the 30-day jurisdictional time limit
> prescribed in Rule 24 of the Alabama Rules of Criminal Procedure.  See Ex parte
> Ingram, 675 So. 2d 863 (Ala. 1996).  Because the trial court has no authority to grant
> the appellant's motion for new trial in this instance since it was filed beyond the 30-
> day jurisdictional time limit, the appellant cannot obtain relief from this Court by
> appealing the trial court's judgment.

> Upon consideration of the above, the Court of Criminal Appeals ORDERS that this
> appeal be and the same is hereby DISMISSED.  Having dismissed this appeal, this
> Court notes that the appellant was not without an independent and adequate state
> remedy to pursue his claim of ineffective assistance of appellate counsel – the basis
> on which the United States District Court conditionally granted the appellant's
> petition for writ of habeas corpus.  This claim could have been raised in a post-
> conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal
> Procedure.  The fact that the appellant failed to exhaust this remedy within the two-
> year jurisdictional time limit for such claims constituted a procedural default which
> will in most instances bar federal habeas relief.  Despite the trial court's good
> intentions, Alabama state courts cannot opt to waive a jurisdictional time limit upon
> the hope that such might prevent a federal court from vacating a conviction solely
> because that state failed to assert a procedural default in an answer to the habeas
> petition.  If this option was available, how could the state ever effectively assert a
> procedural default in an answer to such actions?

Respondents' Exhibit 13; Petitioner's Exhibit 3. The Alabama Supreme Court initially granted a petition for writ of *certiorari*, but on November 8, 2002, it quashed and denied the writ with no further explanation. Petitioner's Exhibit 4. Thereafter, petitioner filed the instant motion for immediate release.

The issue raised by the motion is whether petitioner is entitled to further *habeas* relief because the respondents have failed to meet the condition on which the court's earlier writ of *habeas corpus* would be deemed moot. In short, the court is now called on to enforce the earlier writ. In reaching the conclusion that petitioner is entitled to further relief, several observations are in order and are discussed below.

At the outset, it cannot now be disputed seriously that the condition under which the writ was issued has not been met. Although the state trial court allowed the petitioner to file an out-of-time motion for new trial, appointed counsel to represent him on it, and held an evidentiary hearing before denying the motion, the holding of the Alabama Court of Criminal Appeals rendered all of it a nullity. By holding that the trial court lacked jurisdiction to consider the motion, it held as a matter of state law that nothing the trial court did with respect to the out-of-time motion had any meaning. Consequently, the State left the petitioner without an opportunity to have remedied the thing of which he was deprived by the ineffectiveness of appellate counsel, the right to file and be heard on a non-frivolous claim for a new trial. The conclusion by the Alabama Court of Criminal Appeals that no jurisdiction existed under which such a claim could be heard meant that the condition established in the court's conditional writ not only was not met, but *could not* be met.

3

Because the proceedings conducted by the Jefferson County Circuit Court were a nullity, this court is left with the holding that petitioner was deprived of the right to seek a new trial on a non-frivolous ground due to the ineffectiveness of counsel appointed to represent him on appeal. Although in granting the conditional writ this court recognized implicitly the possibility that the state court legitimately could find the recantation of the victim insufficient to grant a new trial, that possibility is not the same as the state court declining to consider the claim at all. In the least, petitioner was entitled to present his witnesses and arguments and get a decision. The testimony of the victim at the evidentiary hearing before the magistrate judge[1] in this court makes plain that the

---

[1] At the hearing before Magistrate Judge Putnam, the victim of the robbery, and the only witness able to identify the person who stole her money, testified as follows:

Q: Okay. Ms. Owens, you were the victim in this trial?

A: Yes.

Q: And you testified against Kenny King?

A: Yes.

Q: And you testified at that time that he robbed you?

A: Yes.

Q: All right. At some point after that, did you come to have a change of heart or think differently about that?

A: It wasn't so much a change of heart. As time past [sic], I would go through that day when the fight occurred, just in my mind backwards and forth, backwards and forth, backwards and forth and did I do the right thing.

This is what was in my head, Vicky, did you do the right thing, you know, because I'm human, too. And then by me being around the people that also were there when this fight was occurring, he couldn't have been the one that picked up my money because me and him was fighting, so it would have been impossible for

4

---

him to do both things at the same time.

Q: So he was fighting with you?

A: We were fighting, and other people was gathering around because we were making so much of a commotion. And at this time, I'm totally hysterical. So he jumped on me, so he took my money. This is in my mind already.

     But as time past [sic], and I mean, I've had lots and lots of time to think about it, and he couldn't have did them both, because we were literally totally fighting.

Q: While you were fighting, did some other people — were there other people there?

A: It was one of the people inside with us, and he has admitted it that he was the one who did it.

Q: This person has admitted that he was the one that did it?

A: Yeah, his name is — his name is —

     MR. BJURBERG: I object, Judge, hearsay.

     THE COURT: I agree. Sustained.

Q: The other person that was in there at this time, did he leave during the fight?

A: Well, all I can — how can I answer that? I didn't look around to see whether he was still there. All I was trying to do was get out of there myself after the fight.

Q: Let me ask you this: Are you absolutely at this point sure that Kenny King did not rob you?

A: Did I had — if I was asked the question did I see him take my money with my own eyes, my answer would be no, because I did not.

Q: Do you believe he robbed you?

A: I believe, yes.

Q: You believe what?

5

claim of recantation is not frivolous and, indeed, undermines confidence in petitioner's conviction. He is entitled to have that claim considered on its merits and, because the state courts have concluded that they have no jurisdiction to consider it, it is left to this court to do so. Consistent with the conditional writ of *habeas corpus*, this court finds that petitioner was denied the effective assistance of counsel by his appellate counsel, who failed to file a timely motion for new trial raising the claim that the victim recanted her trial testimony, the only evidence on which the petitioner was convicted of robbery. Consequently, the petition for writ of *habeas corpus* is due to be granted.

The court notes that the Order by the Alabama Court of Criminal Appeals seems to hint that petitioner's claim should not be considered on the merits because it is procedurally defaulted. Although this court agrees that state courts are entitled to enforce their reasonable procedural rules, the determination whether an omission under state rules constitutes a procedural default barring *habeas* relief is entirely a question of federal law to be made by the federal *habeas* court. This court has already determined, as, indeed, the state appellate court was compelled to admit, that the respondents waived the possible procedural default of this claim by failing to assert it in their answer to the petition. See Esslinger v. Davis, 44 F.3d 1515, 1524, n. 32 (11th Cir. 1995)("The state can waive a procedural bar to relief by explicitly waiving, or by merely failing to assert, the bar in its answer to the habeas petition."); Moon v. Head, 285 F.3d 1301 (11th Cir. 2002); Gray v. Netherland, 518 U.S. 152, 165-66, 116 S.Ct. 2074, 2082, 135 L.Ed. 2d 457 (1996) ("[B]ecause procedural default is an affirmative defense for the [State] ... the [State] would have been obligated to raise procedural

---

A: I believe that he did not take it.

Respondents' Exhibit 12, pp. 40-42.

6

default as a defense, or lose the right to assert the defense thereafter."); see also Romine v. Head, 253 F.3d 1349, 1363-64 & 1365 n. 15 (11th Cir.2001). As such, consideration of the claim on its merits in this *habeas* proceeding is not barred; the procedural default doctrine simply does not apply to the resolution of this claim due to the State's waiver.

Because the claim is not barred by the procedural default doctrine and because petitioner has sufficiently established the ineffective assistance of his appellate counsel, the petition for writ of *habeas corpus* is due to be granted. The court having previously granted the writ conditionally, the respondents now have failed to comply with the condition of providing petitioner with a constitutionally adequate opportunity to present his recantation claim for consideration. There is no remedy left but for the court to grant the writ of *habeas corpus* and directing that petitioner be freed of all incarceration, limitations, and restraints arising from the robbery conviction he received in the Circuit Court of Jefferson County, Alabama in April 1997. A separate order granting the writ will be entered.

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___27th___ day of ____March____, 2003.

_____
WILLIAM M. ACKER, JR.
SENIOR UNITED STATES DISTRICT JUDGE